IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFRY L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00616 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Brown |
| ROCK-TENN SERVICES, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Rock-Tenn Services, Inc.'s Motion *in Limine* ("Motion"), in which Defendant requests the Court exclude evidence of the "cause" determination rendered by the EEOC.[1] (Doc. No. 63.) Plaintiff Jeffry L. Smith filed a Response to the Motion, contesting the exclusion. (Doc. No. 67.) The Court held a hearing on the Motion on February 3, 2014, at which time the parties presented oral arguments to the Court. Upon the Court's direction (*see* Doc. No. 94), Plaintiff filed a proposed limiting instruction as to the admissibility of the "cause" determination by the EEOC (Doc. No. 90) and Defendant filed an objection to Plaintiff's proposed instruction (Doc. No. 91).

Upon review of the parties' filings, the Court hereby **GRANTS** Defendant's Motion as to the EEOC's "cause" determination. Plaintiff shall not introduce any evidence regarding the EEOC's "cause" determination. However, the Court may reconsider its ruling if Plaintiff puts forward sufficient evidence to establish grounds for punitive damages.

It is so ORDERED.

Entered this the _____4____ day of February, 2014.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant also requested in its Motion the Court exclude evidence of (1) alleged bad acts by James Leonard towards other employees, (2) testimony from four witnesses Defendant believed to be untimely disclosed, and (3) the circumstances of Plaintiff Jeffry L. Smith's separation from Defendant and other issues concerning the period of time following Plaintiff's employment with Defendant. (Doc. No. 63.) The Court previously denied the Motion as to the first two grounds (Doc. No. 87) and reserved judgment as to the third ground (Doc. No. 94).